UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMAAR JEROME WILLIAMS,

    Petitioner,

vs.

JACKIE CRAWFORD, et al.,

    Respondents.

Case No. 2:05-CV-00879-PMP-(GWF)

**ORDER**

    Before the Court are Respondents' Motion to Dismiss (#16) because this action is untimely, Petitioner's Objection (#18), and Respondents Reply (#19). The Court finds that Ground 4 of the Amended Petition (#11) is untimely, but that Grounds 1-3 relate back to the original Petition (#4) and are timely.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). Time spent pursuing a federal habeas corpus petition does count toward this one-year limitation period. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). For the purposes of § 2244(d), a federal petition is effectively filed when the petitioner delivers it to prison officials for mailing to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

     Pursuant to a jury's verdict of guilty, Petitioner was convicted of one count of murder with the use of a deadly weapon, three counts of attempted murder with the use of a deadly weapon, and one count of conspiracy to commit murder. The state district court entered its judgment of conviction on April 30, 2002. Ex. 2 (#16-2, p. 7).[1] Petitioner appealed, and the Nevada Supreme Court affirmed on October 16, 2003. Ex. 4 (#16-2, p. 12). The time to petition the Supreme Court of the United States expired on January 15, 2004. Three hundred nine (309) days later, on November 19, 2004, Petitioner filed a state habeas corpus petition. Ex. 6 (#16-2, p. 17). The district court denied that petition on March 4, 2005. Ex. 7 (#16-2, p. 27). Petitioner appealed, and the Nevada Supreme Court affirmed on June 1, 2005. Ex. 9 (#16-2, p. 34). The remittitur issued on June 28, 2005. Ex. 10 (#16-2, p. 38). Twenty (20) days later, on July 18, 2005, Petitioner mailed his original Petition (#4) to this Court. Objection, p. 2 (#18).[2] Three hundred twenty-nine (329)

---

[1] All cited exhibits are attached to the Motion to Dismiss (#16). Page number in parentheses refer to the Court's electronic image file.

[2] Petitioner did not state on the original Petition (#4) itself when he mailed it, but the Court received it on July 20, 2005. The difference would not affect the Court's determination that the action is timely.

non-tolled days passed between the finality of Petitioner's judgment of conviction and the commencement of this action.  Therefore, the action is timely.

The Amended Petition (#11) raises the question whether all grounds relate back to the original Petition (#4).  See Fed. R. Civ. P. 15(c).  An amended petition "does not relate back (and thereby escape [§ 2244(d)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  Mayle v. Felix, ___ U.S. ___, 125 S. Ct. 2562, 2566 (2005).  Two hundred fifty-eight (258) days after the Nevada Supreme Court issued its remittitur in Felix's state habeas corpus appeal, on March 13, 2006, Felix mailed his Amended Petition (#11) to the Court.  Five hundred sixty-seven (567) non-tolled days passed between the finality of Petitioner's judgment of conviction and the mailing of the Amended Petition (#11).  This exceeds the one-year period of limitation, and any ground in the Amended Petition (#11) that does not relate back to the original Petition (#4) is untimely.  As noted above, Grounds 1-3 of the Amended Petition (#11) are almost identical to Grounds 1-3 of the original Petition (#4); they relate back.  In Ground 4 of the Amended Petition (#11), Felix claims that the evidence presented at trial was insufficient to support a guilty verdict.  Felix raised no such ground in his original Petition (#4); this ground does not relate back.  Therefore, the Court dismisses Ground 4 as untimely.

Petitioner has submitted a Motion for Appointment of Counsel (#14), and Respondents have submitted an Opposition (#15).  Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d at 954.  After reviewing the Amended Petition (#11), the Court concludes that appointment of counsel is not warranted.

1  IT IS THEREFORE ORDERED Respondents' Motion to Dismiss (#16) is **GRANTED** in part.  Ground 4 is **DISMISSED** as untimely.

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel (#14) is **DENIED**.

IT IS FURTHER ORDERED that Respondents shall have forty-five (45) days from the date on which this Order is entered to answer, or otherwise plead to, the Amended Petition (#11).  If Respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED this 15th day of September, 2006.

_____
PHILIP M. PRO
Chief United States District Judge