1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9  JAMAAR JEROME WILLIAMS,

10          Petitioner,                          Case No. 2:05-CV-00879-PMP-(CWH)

11  vs.                                          **ORDER**

12  JACKIE CRAWFORD, et al.,

13          Respondents.

14

15          Before the court are respondents' motion to dismiss (#72), petitioner's opposition (#74), and

16  respondents' reply (#82).  Petitioner also has submitted notices of supplemental authority (#82,

17  #83), respondents have filed a response (#85), and petitioner has filed a reply (#87).  The court finds

18  that petitioner has procedurally defaulted grounds 2, 3(a), 3(b), and 3(c), and the court grants the

19  motion (#72) in part.

20          After a jury trial in state district court, petitioner was convicted of one count of murder with

21  the use of a deadly weapon, three counts of attempted murder with the use of a deadly weapon, and

22  one count of conspiracy to commit murder.  Ex. 30 (#40).  Petitioner appealed.  Petitioner's sole

23  issue on direct appeal challenged the sufficiency of the evidence that supported the verdicts.  Ex. 35,

24  at 3-8 (#40).  The Nevada Supreme Court affirmed on October 16, 2003.  Ex. 40 (#40).

25          Petitioner then started post-conviction proceedings in state court pro se.  First, he filed a

26  motion for an order directing his appellate counsel, Gregory Denue, to turn over his case file to

27  petitioner.  Ex. 43 (#41).  In a hearing outside petitioner's presence, the state district court granted

28  the motion.  Ex. 44 (#41).  However, Denue testified in a later evidentiary hearing that he never

1  received any notice of the court's decision.  Ex. 70, at 65 (#68).  Second, petitioner filed on

2  November 10, 2004, a motion for enlargement of time to file a habeas corpus petition.  Petitioner

3  argued that he did not learn of the Nevada Supreme Court's direct-appeal decision until June 27,

4  2004, and that his counsel had not given petitioner the case file.  Ex. 45 (#41).  Nevada's one-year

5  period of limitation, which ran from the issuance of the remittitur on November 12, 2003, would

6  expire two days after the motion.  Ex. 41 (#41); Nev. Rev. Stat. § 34.726.  The state district court

7  granted this motion in a hearing outside petitioner's presence on November 23, 2004, and the court

8  entered a written order on December 7, 2004.  Ex. 47, 48 (#41).  Third, while the enlargement

9  motion was pending, petitioner filed a post-conviction habeas corpus petition in state court on

10  November 19, 2004.  In his sole ground for relief, he claimed that he was unable to present any

11  claims because Denue had not given petitioner his case file and did not tell petitioner that the

12  Nevada Supreme Court had affirmed the judgment of conviction.  Petitioner stated that he filed the

13  petition to comply with Nevada's one-year statute of limitation, Nev. Rev. Stat. § 34.726, and he

14  asked for appointment of counsel.  Ex. 46, at 7 (#41).  The state filed an opposition to the petition

15  on December 20, 2004, and petitioner filed a reply on January 25, 2005.  Ex. 49, 51 (#41).  In a

16  hearing on January 11, 2005, the state district court stated that it would review the documents and

17  set another hearing in which the parties could argue.  Ex. 50 (#41).  In the subsequent hearing on

18  February 8, 2005, the court denied the petition without any argument.  Ex. 52 (#41).  Petitioner

19  appealed, and the Nevada Supreme Court affirmed on June 6, 2005.  Ex. 56 (#41).

20       Petitioner then turned to federal court.  The court received his original, proper-person

21  petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#5) on July 20, 2005.  Petitioner

22  then mailed his first amended petition (#11) to the court on March 13, 2006.  Grounds 1 through 3

23  of the first amended petition (#11) repeated the same grounds in the original petition (#5).  Ground 4

24  of the first amended petition (#11) was a claim that the evidence was insufficient to support the

25  verdicts.  The court granted respondents' first motion to dismiss (#16) in part, and the court

26  dismissed ground 4 of the first amended petition because it was untimely.  Order (#21).  On January

27  16, 2007, the court appointed counsel for petitioner due to petitioner's continued inability to obtain

28  a copy of the trial transcript.  Order (#26).  Now represented by counsel, petitioner filed a second

1 amended petition (#36) on September 21, 2007.[1]  The court then granted respondents' second

2 motion to dismiss (#52) in part, finding that petitioner had not exhausted his state-court remedies for

3 grounds 2, 3(a), 3(b), and 3(c).  Order (#59).  Petitioner asked the court to stay the action while he

4 returned to state court (#62), and the court granted the motion.  Order (#66).

5      Petitioner filed his second state habeas corpus petition on June 23, 2009.  Ex. 62 (#68).

6 Respondents argued that the petition was barred as untimely pursuant to Nev. Rev. Stat. § 34.726

7 and as successive pursuant to Nev. Rev. Stat. § 34.810.  Ex. 65 (#68).  The state district court held

8 an evidentiary hearing on February 2 and March 19, 2010.  Ex. 70, 71 (errata), 73 (#68).  The state

9 district court denied the petition as untimely.  Ex. 77 (#68).  Petitioner appealed.  The Nevada

10 Supreme Court affirmed.  It held that the petition was untimely and successive.  It also held that

11 petitioner had not shown good cause and prejudice to excuse those procedural bars.  Ex. 87 (#68).

12      Petitioner then returned to this court.  In their third motion to dismiss (#72), respondents

13 argue that grounds 2, 3(a), 3(b), and 3(c) are procedurally defaulted.  Respondents also argue that

14 two exhibits are not exhausted.

15      A federal court will not review a claim for habeas corpus relief if the decision of the state

16 court regarding that claim rested on a state-law ground that is independent of the federal question

17 and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

18         In all cases in which a state prisoner has defaulted his federal claims in state court
           pursuant to an independent and adequate state procedural rule, federal habeas review

19         of the claims is barred unless the prisoner can demonstrate cause for the default and
           actual prejudice as a result of the alleged violation of federal law, or demonstrate that

20         failure to consider the claims will result in a fundamental miscarriage of justice.

21 Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).  The grounds for dismissal upon

22 which the Nevada Supreme Court relied in this case are adequate and independent state rules.  Vang

23 v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher,

24 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir.

25 1996) (same).

26

27 _____

28        [1]The document is titled erroneously as a first amended petition.

1    To demonstrate cause for a procedural default, the petitioner must "show that some objective

2    factor external to the defense impeded" his efforts to comply with the state procedural rule.  Carrier,

3    477 U.S. at 488.

4    The court is not persuaded by petitioner's argument that his post-conviction proceedings are

5    still pending in state court.  After the verdict, but before the trial court sentenced petitioner and

6    entered a judgment of conviction, petitioner filed a proper-person post-conviction petition for a writ

7    of habeas corpus.  Ex. 28 (#40).  Petitioner argues that pursuant to the former law regarding post-

8    conviction petitions for relief, petitioner was "under sentence" for the purposes of former Nev. Rev.

9    Stat. § 177.315.  However, when the court ruled upon respondents' second motion to dismiss (#52),

10   the court noted that under former Chapter 177, a petition like the one petitioner filed was premature

11   and not properly filed.  Order, at 1 (#59) (citing Wehrheim v. State, 443 P.2d 607, 608 (Nev. 1968)).

12   The statute currently governing state post-conviction habeas corpus petitions does not change this

13   rule:

14       Any person convicted of a crime and under sentence of death or imprisonment who claims
         that the conviction was obtained, or that the sentence was imposed, in violation of the
15       Constitution of the United States or the Constitution or laws of this State, or who claims that
         the time the person has served pursuant to the judgment of conviction has been improperly
16       computed, may, without paying a filing fee, file a postconviction petition for a writ of habeas
         corpus to obtain relief from the conviction or sentence or to challenge the computation of
17       time that the person has served.

18   Nev. Rev. Stat. § 34.724(1) (emphasis added).  The petition at issue was premature because

19   petitioner had not yet been convicted of the crimes.  Nothing in petitioner's opposition (#74) causes

20   the court to depart from its earlier conclusion that the pre-sentence petition was never properly filed

21   in accordance with Nevada law.

22   The court is persuaded that petitioner can demonstrate cause for the procedural default

23   because he was unable to obtain his case file from his attorney.  Once petitioner learned that the

24   Nevada Supreme Court had affirmed his conviction, he might have had a copy of the order of

25   affirmance, but he did not have a copy of the trial transcript, the appellate brief, or anything else in

26   his case file.  The court does not expect petitioner to have perfect recall; he might have been present

27   in the courtroom during the events at issue in ground 2, as respondents argue, but he might not have

28   remembered correctly everything that happened.  Moreover, petitioner had no way of knowing what

-4-

1   issues appellate counsel could have raised unless he had his case file.  The state district court

2   recognized the situation that petitioner was in, and it granted petitioner's request that appellate

3   counsel give petitioner his file, but Denue testified that he never received any notice of the state

4   district court's order. Ex. 70, at 65 (#68).  Denue also had a block on his telephone that prevented

5   prisoners, including petitioner, from calling him and asking for the file. Ex. 70, at 58 (#68).

6   Petitioner was frustrated in his efforts to obtain what he needed to create a post-conviction petition

7   that alleged claims with specific supporting facts.[2]  Then the state district court denied the petition

8   for failing to allege specific facts, even though petitioner was told that he would have an opportunity

9   to argue his position.  Based on the facts of this case, external factors did keep petitioner from

10  raising his claims in grounds 2, 3(a), 3(b), and 3(c) before the state courts in his first petition.

11         Because the court has determined that petitioner's inability to obtain his case file is a

12  demonstration of good cause, the court will not consider petitioner's other arguments for cause,

13  other than the above-rejected claim that his state post-conviction proceedings are still pending.

14         The court is not persuaded by petitioner's argument that he suffered prejudice.  To show

15  prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a

16  possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his

17  entire trial with error of constitutional dimensions.'"  Carrier, 477 U.S. at 494 (quoting United

18  States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).  Petitioner does not argue

19  anything about the errors at trial.  Instead, he argues that he was diligent in presenting his post-

20  conviction claims and that the exhaustion rule does not apply to matters of procedural default.

21  Those arguments are irrelevant to what the standard of prejudice requires.  Consequently, the court

22  finds that petitioner has failed to demonstrate prejudice.  The court will dismiss grounds 2, 3(a),

23  3(b), and 3(c) as procedurally defaulted.

24         Respondents also argue that exhibits 80 and 81 (#68) are unexhausted because petitioner

25  never presented them to the Nevada Supreme Court.  These exhibits are affidavits by Blanche

26

27         [2]The court disregards attempts by petitioner's relatives to collect the case file from Denue's
    office.  Denue noted, correctly, that he did not know who they were and that he would not give
28  confidential client information to strangers. Ex 70, at 56-57 (#68).

1  Williams and Tatiana Gills, respectively.  Williams and Gills describe their inability to obtain on

2  petitioner's behalf his file from his lawyer in 2003-04.  The court assumes that the exhibits are in

3  support of ground 3(d), in which petitioner claims that appellate counsel did not communicate with

4  petitioner or provide him with his file.  The court disagrees with respondents.  These affidavits are

5  elaborations upon ground 3(d), and the new facts do not fundamentally change the character of the

6  claim.  See Chacon v. Wood, 36 F.3d 1459, 1468 (9th Cir. 1994).[3]  Exhibits 80 and 81 are not

7  unexhausted.

8          IT IS THEREFORE ORDERED that respondents' motion to dismiss (#72) is **GRANTED** in

9  part.  Grounds 2, 3(a), 3(b), and 3(c) of the second amended petition (#36) are **DISMISSED** with

10  prejudice as procedurally defaulted.

11          IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date

12  of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules

13  Governing Section 2254 Cases in the United States District Courts.  Petitioner shall have forty-five

14  (45) days from the date on which the answer is served to file a reply.

15          DATED: August 13, 2012.

16
17                                                              _____
18                                                              PHILIP M. PRO
                                                                United States District Judge
19
20
21
22
23
24
25
26  _____
27          [3]The court makes no statement at the moment whether it can consider these exhibits in its
    review of ground 3(d).  When a federal court reviews a claim, the merits of which have been
28  decided by a state court, the review is restricted to the record that was before the state court.  Cullen
    v. Pinholster, 131 S. Ct. 1388, 1398 (2011).