# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMAAR JEROME WILLIAMS,            )
                                   )
    Petitioner,                    )     2:05-cv-0879-PMP-GWF
                                   )
vs.                                )     **ORDER**
                                   )
JACKIE CRAWFORD, *et al.*,         )
                                   )
    Respondents.                   )
_____/

    Before the court for a decision on the merits is an application for a writ of habeas corpus filed by Jamaar Jerome Williams, a Nevada prisoner. ECF No. 36.

    I. FACTUAL AND PROCEDURAL HISTORY

    This case arises from incidents occurring on November 7 and 8, 2000, in a trailer park located in Clark County, Nevada. Based on evidence presented at trial, petitioner Williams shot and killed Reggie Ezell and shot at Darin Archie (missing him); then, the next day, he shot James Polito and Ricky Policastro, both of whom survived. Pursuant to jury verdicts, Williams was convicted of one count of murder with the use of a deadly weapon, three counts of attempted murder with the use of a deadly weapon, and one count of conspiracy to commit murder.

    The state district court entered its judgment of conviction on April 30, 2002. Williams appealed, and the Nevada Supreme Court affirmed on October 16, 2003. On November 19, 2004,

Williams filed a state habeas corpus petition, which was denied by the state district court on March 4, 2005. Williams appealed, and the Nevada Supreme Court affirmed on June 1, 2005.

This court received Williams's federal habeas petition on July 20, 2005. On January 16, 2007, the court appointed counsel for Williams and permitted him to file an amended petition. A second amended petition was filed on September 21, 2007.[1] On May 24, 2009, the court stayed proceedings to allow Williams to exhaust state court remedies for unexhausted claims in his petition.

On June 23, 2009, Williams initiated his second state post-conviction proceeding. After an evidentiary hearing on March 19, 2010, the state district court entered an order on June 1, 2010, denying Williams's petition on procedural grounds. Williams appealed. On May 9, 2011, the Nevada Supreme Court affirmed the lower court's decision.

On July 25, 2011, this court re-opened the proceedings herein. Pursuant to a motion to dismiss, this court concluded that Ground Two and Ground Three (a, b, and c) are barred by the doctrine of procedural default. Ground One and Ground Three(d) remain before the court for disposition on the merits.

II. STANDARDS OF REVIEW

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254(d) sets forth the standard of review under AEDPA:

28 U.S.C. § 2254(d) sets forth the standard of review under AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] The caption on this petition indicates that it is the *first* amended petition, but Williams filed a prior amended petition on March 15, 2006. See ECF Nos. 11 and 36.

2

      (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For any habeas claim that has not been adjudicated on the merits by the state court, the federal court reviews the claim *de novo* without the deference usually accorded state courts under 28 U.S.C. § 2254(d)(1). *Chaker v. Crogan*, 428 F.3d 1215, 1221 (9th Cir. 2005); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

### III.  ANALYSIS OF CLAIMS

**Ground One**

In Ground One, William claims that his constitutional rights have been violated because the evidence presented at trial was insufficient to support his convictions. Williams argues that the State presented no conclusive evidence linking him to the shooting of Ezell. He also claims that facts elicited at trial support his claim that he did not participate in the November 8 shooting.

The standard used by the federal habeas court to test whether sufficient evidence supports a state conviction is the "rational factfinder" standard established in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Mikes v. Borg*, 947 F.2d 353, 356 (9th Cir. 1991). Under that standard, the court inquires as to "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (citation omitted).

In addressing Williams's sufficiency of evidence claim on direct appeal, the Nevada Supreme Court ruled as follows:

> Appellant contends that the evidence presented at trial was insufficient to support the jury's finding of guilt. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. [FN1. *See Wilkins v. State*, 96 Nev. 367, 609 P.2d 309 (1980); *see also Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).]

3

> In particular, we note that although there were no fingerprints or DNA evidence linking appellant to the crime, and appellant disavowed his videotaped confession, there was ample eyewitness testimony identifying appellant as the shooter, including the testimony of several witnesses who were acquainted with appellant prior to the shooting.
>
> The jury could reasonably infer from the evidence presented that appellant was the shooter. It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. [FN2. *See Bolden v. State*, 97 Nev. 71, 624 P.2d 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).]

ECF No. 40-15, p. 2-3.[2]

There is no dispute that the shooting on November 7, 2000, occurred as Ezell and Archie were exiting Archie's trailer. Both Archie and another person present at the time, Olivia McBride, testified at trial and identified Williams as the person who did the shooting. While Archie and McBride did not testify that they saw Williams fire the shot that killed Ezell, other evidence presented at trial established that all the cartridges found at the scene were 9 millimeter cartridges that came from the same gun and that the bullet that killed Ezell was a 9 millimeter.

With regard to the events of November 8, 2000, both Polito and Policastro provided convincing testimony that Williams was the one who shot them. Polito testified that Williams shot him in the neck and that he had known Williams for approximately three years. Policastro testified that Williams shot Polito in the neck and then shot him (Policastro) three times. According to his testimony, Policastro had also known Williams for about three years. In addition, another eyewitness, Janice Cerra, testified that she had just concluded a call on a nearby payphone when she saw Williams shooting into the trailer occupied by Policastro and Polito. According to her testimony, Cerra was Polito and Policastro's roommate and had been familiar with Williams prior to the shooting.

The state supreme court applied the correct federal law standard to Williams's sufficiency of evidence claim. In addition to the liberal *Jackson* standard, this court must factor in the extra layer of deference imposed by AEDPA in deciding whether habeas relief is available. *See Boyer v. Belleque*,

---

[2] References to page numbers in the record are based on CM/ECF pagination.

1  659 F.3d 957, 964 -65 (9th Cir. 2011) (noting that "the state court's application of the *Jackson* standard
2  must be 'objectively unreasonable' to warrant habeas relief for a state prisoner"). Viewed in these
3  terms, this court is precluded from granting habeas relief "so long as 'fairminded jurists could
4  disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786
5  (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Because the evidence cited above
6  is sufficient to at least cause disagreement among fairminded jurists, Ground One must be denied.

**Ground Three(C)**

In Ground Three(c), Williams alleges that his convictions and sentences are unconstitutional because he received ineffective assistance of counsel by virtue of his appellate counsel's failure to communicate with him or provide him with his file. As recounted in a prior order in this case, Williams filed a motion in the state post-conviction court for an order directing his appellate counsel, Gregory Denue, to provide him with his case file. ECF No. 88. The state district court granted Williams's request, but Denue testified in a later hearing that he never received any notice of the state district court's order. *Id*. In addition, Denue also had a block on his telephone that prevented prisoners, including Williams, from calling him and asking for the file. *Id*.

Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. *Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed under the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Smith v. Robbins*, 528 U.S. 259, 286 (2000). Under that test, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. A court need not analyze these prongs in any particular order; thus, a court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Id*. at 696.

In Williams's first state post-conviction proceeding, the Nevada Supreme Court adjudicated Ground Three(d) as follows:

> In his petition, Williams contended that his due process rights were violated. In support of this claim, Williams stated that his appellate counsel failed to turn over his file and did not notify him when his direct appeal was resolved. . . .
>
> We conclude that the district court did not err in denying Williams' petition. Williams failed to include sufficient facts to support his claim for relief. [FN3. *See Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984).] To the extent Williams argued that his appellate counsel was ineffective, he did not establish that his counsel's actions prejudiced his direct appeal. [FN4. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Kirksey v. State*, 112 Nev. 980, 923 P.2d 1102 (1996).] . . .

This decision was is entitled to deference under § 2254(d). Even if appellate counsel's conduct satisfies the deficient performance prong, the problem for Williams is that he cannot establish the type of prejudice required by *Strickland* – i.e., a reasonable probability that, but for counsel's acts of misconduct, the result of his appeal would have been different. *See id*. at 694. Because the Nevada Supreme Court had already decided Williams's direct appeal when it occurred, the challenged conduct could not have had any impact on the outcome of that proceeding.

Williams argues that counsel's actions prevented him from litigating certain ineffective assistance of counsel claims in his state *post-conviction* proceedings. However, a habeas petitioner does not have a general constitutional right to state collateral review and errors in a state post-conviction review proceeding are not addressable through federal habeas corpus. *See Cooper v. Neven*, 641 F.3d 322, 331-32 (9th Cir. 2011); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir.1989) (per curiam) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."). Thus, Williams is not entitled to habeas relief based on Ground Three(c).

IV.  CONCLUSION

For the reasons set forth above, Williams's petition for habeas relief is denied.

*Certificate of Appealability*

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the

issuance of a COA.  *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."  With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct.  *Id.*

Having reviewed its determinations and rulings in adjudicating Williams's petition, the court finds that none of those rulings meets the *Slack* standard.  The court therefore declines to issue a certificate of appealability for its resolution of any procedural issues or any of Williams's habeas claims.

**IT IS THEREFORE ORDERED** that petitioner's second amended petition for writ of habeas corpus (ECF No. 36) is DENIED.  The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

Dated this __11th__ day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE